UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HECTOR SANTANA,              :

                             :    **ORDER**
        Petitioner,          :    07 Civ. 5644 (CM) (GWG)
                             :
        -v.-                 :
                             :
JAMES MANCE, et al.,         :
                             :
        Respondents.         :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

  Respondents have filed a motion to expand the record, pursuant to Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254, with the inclusion of a new affidavit from petitioner's former attorney, Robert Race. See Docket # 14. Santana opposes inclusion of this affidavit and states that if the Court considers the affidavit a hearing is necessary to determine Race's credibility. See Memorandum of Law and Affirmation in Opposition to Rule 7 Motion, filed July 17, 2008 (Docket # 17) ("P. Mem.").

  Under Rule 7, a court "may direct the parties to expand the record by submitting additional materials relating to the petition. . . . Affidavits may also be submitted and considered as part of the record." A district court has "substantial discretion . . . . to order expansion of the record to facilitate a disposition on the merits without the need for an evidentiary hearing." Lonchar v. Thomas, 517 U.S. 314, 326 (1996); accord Valverde v. Stinson, 224 F.3d 129, 135 (2d Cir. 2000) ("We note that the district court, in its discretion, may utilize any of the habeas rules designed to supplement the record without the necessity of conducting a full-blown evidentiary hearing." (internal quotation marks and citation omitted)).

  Santana does not contest the power of the Court to expand the record to include an affidavit. See P. Mem. at ("Rule 7 . . . allows a judge to direct the parties to expand the record by submitting additional materials 'relating to the petition.'"). Instead, he asserts that Race's affidavit is not relevant to his petition because Race only provides information about his "general practice" in advising clients and that "[t]his case was not at all a 'general' situation." P. Mem. at 4. Whether or not the process of Santana's sentencing can be characterized as "general" or "typical," however, Race's general practice in explaining a proposed sentence to his client is plainly relevant to determining what occurred in Santana's case. Therefore, considering the "substantial discretion" district courts have to expand the record in habeas proceedings, we grant the motion (Docket # 7) to include Race's new affidavit.

  Santana asserts that if we consider Race's new affidavit, the Court should hold a hearing

to determine issues of credibility. See P. Mem. at 7-8. The only provision that might bar such a hearing is 28 U.S.C. § 2254(e)(2). Under this provision, a district court is prohibited from holding an evidentiary hearing where the petitioner "failed to develop the factual basis of a claim in State Court proceedings" unless certain requirements are met. This prohibition does not apply here, however, because "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000). Here, there was no failure on Santana's part to develop the factual basis for his claim. Nor do respondents assert that Santana failed to develop the record during the state proceedings on the question of what Race told him. Thus, 28 U.S.C. § 2254(e)(2) does not bar a hearing in this case.

Rule 8(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, contemplates that a district court may, following review of the record, hold an "evidentiary hearing." The Supreme Court has held that the decision to hold such a hearing remains entrusted to a district court's "sound discretion." Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007); see also id. at 1940 ("[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitled the applicant to federal habeas relief"). Here, the question of what Race told Santana regarding his sentence is the critical issue in this case. The Court believes it would benefit from hearing live testimony on this question. Accordingly, an evidentiary hearing on this question will be scheduled. A conference to discuss the date for this hearing is set for September 17, 2008 at 9:45 a.m. in Courtroom 17-A, 500 Pearl Street, New York, New York. Prior to this conference, the respondents -- on the assumption that they will call Mr. Race as a witness – should ascertain any dates of his non-availability during October.

SO ORDERED

DATED:  New York, New York
September 8, 2008

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies to :

Lorraine Maddalo
The Legal Aid Society
Criminal Appeals Bureau
199 Water Street
New York, NY 10038

Alyson Gill
Paul M. Tarr
Lisa Fleischmann
Assistant Attorneys General
120 Broadway
New York, NY  10271